**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Taiwan Civil Rights Litigation Org., et al., | NO. C 10-00362 JW |
| Plaintiffs, | **ORDER REQUIRING SUPPLEMENTAL BRIEFING** |
| v. | |
| Kuomintang Bus. Mgmt Comm., et al., | |
| Defendants. | |

Presently before the Court is Plaintiffs' Motion for Default Judgment.[1] Upon review of the Motion and Plaintiffs' Amended Complaint,[2] the Court finds that the causes of action in the Amended Complaint appear to be inadequately pleaded.[3] In particular, the Court finds that Plaintiffs' putative cause of action for quasi-contract appears to be barred by the statute of limitations for that claim.

---

[1] (Notice of Motion and Motion for Default Judgment; Memorandum of Points & Authorities, Docket Item No. 46.)

[2] (Verified First Amended Complaint in Equity for: (1) Quasi-Contract; (2) An Accounting; (3) Declaratory Judgment; (4) Restitution, Docket Item No. 40.)

[3] See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (explaining that in considering whether to grant default judgment, the Court must consider the sufficiency of plaintiffs' complaint); see also Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted) (explaining that "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default").

A court may "act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981). However, prior to doing so, the court "must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such [a] motion.'" Id. at 362 (citation omitted). Accordingly, the Court informs Plaintiffs of its intention to dismiss the Amended Complaint for failure to state a claim.

On or before **September 23, 2011**, Plaintiffs shall file a written memorandum conforming to Civil Local Rule 7-4 in opposition to dismissal of the Amended Complaint for failure to state a claim. Failure to file such a memorandum will be deemed sufficient to warrant dismissal under Fed. R. Civ. P. 41(b), which is a dismissal on the merits.

Further, the Court notes that neither of the attorneys for Plaintiffs appear to be a member of the bar of the Northern District of California, while only one of the attorneys is a member of the State Bar of California. The Civil Local Rules of the Northern District of California provide that "only members of the bar of this Court may practice in this Court," and only active members in good standing of the State Bar of California are eligible to be members of the bar of this Court. See Civil L. R. 11-1. An attorney who is not a member of the bar of this Court may, however, apply to appear *pro hac vice*, which requires, *inter alia*, that such an attorney designate a member of the bar of this Court as co-counsel. See id. 11-3. On or before **September 23, 2011**, Plaintiffs' counsel shall either rectify this issue or shall file a certification explaining that one of Plaintiffs' attorneys is, in fact, a member of the bar of this Court.

In light of this Order, the Court CONTINUES the hearing on Plaintiffs' Motion for Default Judgment from September 19, 2011 to **October 3, 2011 at 9 a.m.**

Dated: September 14, 2011

JAMES WARE
United States District Chief Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jonathan Harris Levy jonlevy@hargray.com
Thomas Dewey Easton easton3535@gmail.com

**Dated: September 14, 2011**                              **Richard W. Wieking, Clerk**

                                         **By:**     **/s/ JW Chambers**
                                                    **Susan Imbriani**
                                                    **Courtroom Deputy**