United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Taiwan Civil Rights Litigation Org., et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>Kuomintang Bus. Mgmt Comm., et al.,<br><br>　　　　Defendants. | NO. C 10-00362 JW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; DISMISSING CASE FOR FAILURE TO STATE A CLAIM** |

Presently before the Court is Plaintiffs' Motion for Default Judgment.[1] The Court conducted a hearing on October 3, 2011. Based on the papers submitted to date and oral argument, the Court DENIES Plaintiffs' Motion for Default Judgment and *sua sponte* DISMISSES Plaintiffs' Amended Complaint for failure to state a claim.

**A.　Background**

A detailed summary of the factual background of this case is provided in the Court's January 18, 2011 Order denying a previous motion for default judgment. (hereafter, "January 18 Order," Docket Item No. 37.) The Court reviews the procedural history relevant to the present Motion.

On June 3, 2010, Plaintiffs applied for an entry of default. (Docket Item No. 19.) On June 11, 2010, default was entered as to Defendant Kuomintang Business Management Committee ("KBMC"). (Docket Item No. 22.) On October 19, 2010, Plaintiffs filed a motion for default

---

[1] (Notice of Motion and Motion for Default Judgment; Memorandum of Points & Authorities, hereafter, "Motion," Docket Item No. 46.)

judgment against Defendant KBMC. (Docket Item No. 24.) On January 18, 2011, the Court denied Plaintiffs' motion for default judgment on the grounds, *inter alia*, that Plaintiffs' Complaint failed to adequately plead a cause of action for restitution. (January 18 Order at 7-8.) However, the Court found that "it may be possible to address the issues [discussed in the January 18 Order] through an amended complaint," and granted Plaintiffs leave to file an amended complaint to assert a new claim for relief. (Id. at 10.)

On March 4, 2011, Plaintiffs filed an Amended Complaint.[2] On May 29, 2011, Plaintiffs filed a motion for entry of default as to Defendant KMBC. (Docket Item No. 43.) On June 2, 2011, default was entered as to Defendant KMBC. (Docket Item No. 44.)

On September 14, 2011, the Court issued an Order Requiring Supplemental Briefing. (hereafter, "September 14 Order," Docket Item No. 47.) In its September 14 Order, the Court explained that upon review of the Motion for Default Judgment and Plaintiffs' Amended Complaint, the Court found that "the causes of action in the Amended Complaint," and in particular Plaintiffs' "putative cause of action for quasi-contract," appear to be inadequately pleaded. (Id. at 1.) Further, the Court observed that Ninth Circuit caselaw allows a court to "act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim," so long as the Court first gives notice of its intention to invoke Rule 12(b)(6) *sua sponte*, and affords plaintiffs an opportunity to "submit a written memorandum in opposition to such [a] motion." (Id. at 2 (citing Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)).) Accordingly, the Court ordered Plaintiffs to file a written memorandum on or before September 23, 2011 "in opposition to dismissal of the Amended Complaint for failure to state a claim." (Id.) On September 23, 2011, pursuant to the Court's

---

[2] (Verified First Amended Complaint in Equity for: (1) Quasi-Contract; (2) An Accounting; (3) Declaratory Judgment; (4) Restitution, hereafter, "AC," Docket Item No. 40.)

2

1 September 14 Order, Plaintiffs filed a written memorandum opposing dismissal of the Amended
2 Complaint.[3]

Presently before the Court is Plaintiffs' Motion for Default Judgment.

**B.     Standards**

Pursuant to Fed. R. Civ. P. 55(b)(2), a party may move the court for an entry of default judgment. The grant of a default judgment is within the discretion of the court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, a court must take as true all factual allegations in the complaint, except those related to the amount of damages. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted).

**C.     Discussion**

Plaintiffs seek a default judgment for the following: (1) a declaratory judgment that Defendants "retain[] some assets derived from [Plaintiffs'] bonds that are covered under Republic of China Article 63 of The Act Governing Relations Between Peoples of the Taiwan Area and the Mainland Area"; (2) compensatory damages in the amount of $495,000.00; or (3) in the alternative,

---

[3] (Supplemental Briefing on Statute of Limitations, hereafter, "Supplemental Briefing," Docket Item No. 49.) In its September 14 Order, the Court also expressed a concern about whether either of the attorneys for Plaintiffs is a "member of the bar of the Northern District of California," and required Plaintiffs to file a certification explaining that one of Plaintiffs' attorneys is a member of the bar of this Court. (September 14 Order at 2.) On September 15, 2011, Plaintiffs' Counsel certified under penalty of perjury that both counsel for Plaintiffs are members in good standing of both the California State Bar and the Bar of the Northern District of California. (See Docket Item No. 48.)

1 "nominal damages and an order for an accounting in order to determine the extent of the
2 misappropriation and the compensation, restitution, or disgorgement owed to [Plaintiffs]." (Motion
3 at 16.)

4 In considering whether to grant default judgment, the Court must consider the sufficiency of
5 Plaintiffs' Complaint. Eitel, 782 F.2d at 1471-72. In considering the sufficiency of the complaint,
6 the Court must bear in mind that necessary facts not contained in the pleadings, and claims which
7 are legally insufficient, are not established by default. Cripps, 980 F.2d at 1267. Here, the Court
8 considers Plaintiffs' claim under the theory of quasi-contract, as an evaluation of this claim may
9 prove dispositive of the present Motion.

10 In California, actions in quasi-contract "are subject to a two-year statute of limitations."
11 Filet Menu, Inc. v. Cheng, 71 Cal. App. 4th 1276, 1280 (Cal. Ct. App. 1999).[4] "The statute of
12 limitations begins to run on a cause of action based on an implied or quasi-contract when the cause
13 of action accrues, and depends largely on the facts of each particular case." Lazzarevich v.
14 Lazzarevich, 88 Cal. App. 2d 708, 719 (Cal. Ct. App. 1948). Generally speaking, a cause of action
15 accrues at "the time when the cause of action is complete with all of its elements." Fox v. Ethicon
16 Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005). However, accrual of a cause of action is postponed
17 until the plaintiff discovers, or has reason to discover, the cause of action. Id. at 807.

18 Here, Plaintiffs allege that all of the bonds at issue in this case were defaulted upon by the
19 Republic of China prior to the year 1950. (AC ¶¶ 3, 25-28.) Thus, a cause of action for quasi-
20 contract with respect to these bonds would have accrued either: (1) prior to the year 1950; or (2)
21 when Plaintiffs discovered or had reason to discover their cause of action for quasi-contract with
22 respect to the bonds. However, Plaintiffs did not file suit until 2010. (See Docket Item No. 1.) In
23 their Amended Complaint, Plaintiffs offer no allegations that would explain why the statute of

---

25 [4] Plaintiffs contend that the relevant statute of limitations is the three-year statute governing a "quasi-contract action in the form of a common count to recover money or other benefit obtained
26 by mistake," rather than the two-year statute of limitations for actions in quasi-contract generally. (Supplemental Briefing at 4-5 (citing Cal. Civ. Proc. Code § 338(d)).) However, as discussed
27 below, the Court's analysis is the same regardless of whether a two- or three-year statute of limitations is employed.

28
4

1  limitations for Plaintiffs' putative cause of action for quasi-contract would not have started to run
2  when the bonds were defaulted upon, i.e., at least sixty years prior to the filing of this suit. Nor do
3  Plaintiffs offer any allegations that would support the conclusion that the accrual of their putative
4  cause of action for quasi-contract should be postponed because Plaintiffs had no reason to discover
5  their cause of action at the time the bonds were defaulted upon.[5]

6  Plaintiffs' contention that "[s]tatute of limitations is an issue that [Plaintiffs] have dealt with
7  forthrightly in their complaint," and that their claims are therefore "timely, meritorious and
8  plausible," is unpersuasive.[6] (Motion at 11.) In their Amended Complaint, Plaintiffs allege that
9  "[n]o statute of limitations has begun to run" on any of their causes of action on two grounds: (1)
10 equitable estoppel bars the statute of limitations, because Defendants' "misconduct is continuing"
11 and Defendants have "continued to reap profits as a result of their actions"; and (2) the statute of
12 limitations is equitably tolled by a Presidential Order issued by the Republic of China on October
13 29, 2003 which "reaffirm[ed]" the status of the bonds "after a 50 year plus hiatus of uncertainty as
14 actual securities." (AC ¶¶ 33, 34.) However, the Court finds that Plaintiffs misstate both the
15 doctrine of equitable estoppel and the doctrine of equitable tolling.

16 First, the Court considers the doctrine of equitable estoppel. "Equitable estoppel, also
17 termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a
18 defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the
19 plaintiff from suing in time.'" Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (citation

---

[5] Indeed, the Amended Complaint offers no allegations whatsoever as to who Plaintiffs are, or when they acquired the bonds at issue in this case. Instead, the Amended Complaint merely alleges that Plaintiffs "possess" the bonds at issue, and that certain Plaintiffs "have paid monetary consideration for their bonds in secondary or tertiary markets." (AC ¶¶ 17-19.) In their Supplemental Briefing, Plaintiffs offer no further contentions as to either of these issues.

[6] Plaintiffs' contention that "statute of limitations is an affirmative defense that normally is not an appropriate basis for a *sua sponte* dismissal" is misguided. (Supplemental Briefing at 2.) It is true that "the statute of limitations is ordinarily 'an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver.'" See Walters v. Indus. and Comm. Bank of China, Ltd., No. 10-806-cv, 2011 WL 2643697, at *10 (2d Cir. July 7, 2011) (citation omitted). However, "district courts may dismiss an action *sua sponte* on limitations grounds" if "the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." Id. (citations omitted).

omitted). To avail himself of the doctrine, a plaintiff "must demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner and must plead with particularity the facts which give rise to [the equitable estoppel claim]." Id. at 706-07. Here, however, the Amended Complaint merely pleads that Defendants' "misconduct is continuing." (AC ¶ 33.) Because the Amended Complaint fails to plead any "active conduct" by Defendants "above and beyond the wrongdoing" on which Plaintiffs' claims are based which would have prevented Plaintiffs from suing in time, Plaintiffs do not show that equitable estoppel applies to their claims.

Second, the Court considers the doctrine of equitable tolling. Under California law, equitable tolling applies "[w]hen an injured person has several legal remedies and, reasonably in and good faith, pursues one." Collier v. City of Pasadena, 142 Cal. App. 3d 917, 923 (Cal. Ct. App. 1983). Thus, the doctrine may be invoked when a plaintiff undertakes two separate proceedings against a defendant and "the defendant receives timely notification of the first of [the] two proceedings." Id. (citation omitted). California courts apply a "three-pronged test for invocation of this doctrine," consisting of: (1) "timely notice to the defendant in filing the first claim"; (2) "lack of prejudice to defendant in gathering evidence to defend against the second claim"; and (3) "good faith and reasonable conduct by the plaintiff in filing the second claim." Id. at 924. "The timely notice requirement essentially means that the first claim must have been filed within the statutory period." Id. Here, however, Plaintiffs support their allegations of equitable tolling solely by referring to a Presidential Order issued by the Republic of China in 2003.[7] (AC ¶ 34.) Because Plaintiffs do not allege that they filed separate claims against Defendants, the first of which was filed within the statutory period for a cause of action for quasi-contract, they have not established that they are entitled to equitable tolling of the statute of limitations. Collier, 142 Cal. App. 3d at 923-24.

---

[7] Plaintiffs allege that the Presidential Order was issued by the "[Republic of China] in exile . . . on October 29, 2003 and implemented from March 1, 2004 by the Order of the Executive Yuan decreed Article 63 of the Act Governing Relations Between Peoples of the Taiwan Area and the Mainland Area." (AC ¶ 3.) For convenience, the Court refers to this as "the Presidential Order."

6

Finally, the Court finds that Plaintiffs' contention that the bonds at issue in this case were "revived" by the Presidential Order is misguided.  (Supplemental Briefing at 4.)  In support of this contention, Plaintiffs quote language from the Presidential Order which refers to debts on "[o]utstanding foreign currency bonds issued in the Mainland prior to 1949," and states that such debts "shall not be repaid prior to national unification."  (AC ¶ 3.)  Plaintiffs contend that the "function" of this language is "analogous to various California revival statutes[8] that bring back to life ancient causes of action," which means that the statute of limitations on their action has not run.  (Supplemental Briefing at 4.)  However, the Court finds that this contention misstates the law.  First, Plaintiffs themselves concede that the "official interpretation" of the Presidential Order by the Republic of China "refers to a deferral of the debt rather than revival."  (Id. at 4 n.1.)  Second, while California law does provide for a tolling of the period when a cause of action has accrued during certain limited circumstances, the relevant California statute only applies to those who "by reason of the existence of a state of war [are] under a disability to commence an action."  See Cal. Civ. Proc. Code § 354.  However, Plaintiffs do not contend that "a state of war" existed between the United States and the Republic of China between 1950 and the time when they filed their suit.[9]  Accordingly, the Court does not find good cause to conclude that the Presidential Order "revived" the bonds at issue in this case.

Thus, the Court finds that Plaintiffs, in their Amended Complaint, have failed to adequately plead a cause of action for quasi-contract.  Further, the Court finds that the three other causes of action pleaded in the Amended Complaint are inadequate, for the same reasons stated in the Court's

---

[8] See, e.g., Cal. Civ. Proc. Code § 354.4 (waiving the statute of limitations for victims of the Armenian Genocide to file claims seeking benefits for insurance policies issued or in effect between 1875 and 1923, so long as the action is filed on or before December 31, 2016).

[9] In their Supplemental Briefing, Plaintiffs further contend that "California law on unjust enrichment is unsettled," and "submit that the Court may look to Taiwanese law to fill gaps in California law." (Supplemental Briefing at 4-6.)  However, on Plaintiffs' own contentions, Taiwanese law only has a "15 year statute of repose" for unjust enrichment. (Id. at 8.)  Accordingly, because it would make no difference to the Court's analysis whether the Taiwanese or California statute of limitations applies, the Court declines to reach the question of whether to apply Taiwanese law.

January 18 Order. First, in their Amended Complaint Plaintiffs plead a cause of action for "restitution." (AC ¶¶ 45-47.) However, as the Court explained in its January 18 Order, a cause of action for "restitution" must either be based on an express contract between the parties or on a quasi-contract theory. (January 18 Order at 8.) Because Plaintiffs do not allege that they had an express contract with Defendants, and because Plaintiffs do not adequately plead their quasi-contract theory, the cause of action for restitution is inadequately pleaded. Second, Plaintiffs plead a cause of action for "declaratory relief," according to which Plaintiffs "seek a declaratory judgment that [Defendant KBMC] was the beneficiary of the specific defaulted bonds enumerated herein and that the assets were privatized and were converted by KBMC." (AC ¶ 54.) However, such a declaration "would not result in any final determination of the rights of the parties," and, as the Court explained in its January 18 Order, would accordingly be inappropriate for the Court to grant "at this juncture." (January 18 Order at 9-10.) Finally, Plaintiffs plead a cause of action for an "accounting." (AC ¶¶ 40-44.) However, a right to an accounting is a derivative right that must be based on other claims. (See January 18 Order at 8-9.) Accordingly, because judgment is inappropriate as to Plaintiffs' other claims, the accounting claim "fails as well." (See id. at 9.)

Accordingly, upon testing the sufficiency of Plaintiff's Complaint, the Court DENIES Plaintiffs' Motion for Default Judgment.

Further, the Court *sua sponte* DISMISSES Plaintiffs' Amended Complaint for failure to state a claim. Because the Court has already granted Plaintiffs leave to amend, and has further permitted them to file a supplemental written memorandum in opposition to dismissal of the Amended Complaint, the Court finds that any further amendment would be futile.[10]

---

[10] In their Supplemental Briefing, Plaintiffs contend that they are "concerned about any potential for prejudice [over the suggestion that Plaintiffs' counsel may not be members of the Bar of the Northern District of California] being transferred to their clients' cause." (Supplemental Briefing at 8-10.) Plaintiffs' certification that both of Plaintiffs' counsel are members of the Bar of the Northern District of California has adequately addressed the concerns about Plaintiffs' counsel set forth in the Court's September 14 Order. (See Docket Item No. 48.) The Court emphasizes that its finding that Plaintiffs' Amended Complaint fails to adequately state a claim is based solely on the merits of the Amended Complaint itself.

**D.     Conclusion**

The Court DENIES Plaintiffs' Motion for Default Judgment.

The Amended Complaint is DISMISSED with prejudice.  Judgment will be entered accordingly.

Dated:  October 13, 2011

JAMES WARE
United States District Chief Judge

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jonathan Harris Levy jonlevy@hargray.com
Thomas Dewey Easton easton3535@gmail.com

**Dated: October 13, 2011**          **Richard W. Wieking, Clerk**

**By:      /s/ JW Chambers**
**        Susan Imbriani**
**        Courtroom Deputy**